UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO DE PAZ DEROSA,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-06957-JLT-FJS<br>A-Number: 221-056-338<br>DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br>(Docs. 1, 2) |

Before the Court is Alfred Woodson's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 2.) For the reasons set forth below, **DENIES** the petition. (Doc. 1.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is from Guatemala. (Doc. 6-1 at 2.) On an unknown date, Petitioner entered the United States without admission or parole. (*Id.*) Since 2021, Petitioner has been twice convicted of driving under the influence. (*Id.*) On August 4, 2026, Petitioner was taken into ICE custody following an arrest during a traffic stop. (*Id.*) That same day, Petitioner was issued a Notice to Appear, charging him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) (present without admission or parole) and § 1182(a)(7)(A)(i)(I) (not in possession of valid entry document). (*Id.*

at 5-8.) Petitioner was then transferred to the California City Detention Facility in California City, California, where he remains. (Doc. 1 at 1.)

On August 31, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights had been violated. (Doc. 1 at 6.) On September 6, 2026, Respondents filed an opposition arguing that Petitioner's detention was mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (*See generally*, Doc. 6.) Respondents noted that Petitioner had been ordered removed on August 17, 2026, but Petitioner had reserved appeal until September 16, 2023. (*Id.*) On September 18, 2026, the Court conducted a routine search of the EOIR Automated Case Information Database, which revealed that Petitioner had not timely filed an appeal and requested the Respondents to provide the Court with an update on Petitioner's status. (Doc. 7.) On September 21, 2026, Respondents informed the Court that the Executive Office for Immigration Review reviewed its records and confirmed that there are no case appeals in its database system. (Doc. 10.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Because Petitioner was ordered removed on August 17, 2026, (Doc. 8 at 1), and did not file an appeal within the thirty-day window (*see* Doc. 10), his order of removal is now final. *See* 8 C.F.R. § 1003.38(b)(2); 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"). Thus, Petitioner's detention is now governed by 8 U.S.C. § 1231(a)(2) and Petitioner is subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§

1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner, who failed to appeal the IJ's grant of voluntary departure, was subject to mandatory detention and a final order of removal, thereby denying habeas relief).

"A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Thus, the Court does not consider whether Petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *2 n.2 (E.D. Cal. Mar. 25, 2026); *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED AS MOOT**.
2. The request for a temporary restraining order (Doc. 2) is **DENIED AS MOOT**.
3. The Court's prior order directing that Petitioner not be transferred, (Doc. 4), is **WITHDRAWN**.
6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 23, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE